UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. HEAGNEY,

    Plaintiff,

v.   Case No. 8:22-cv-1268-KKM-TGW

KATE METZ,

    Defendant.
_____

## ORDER

The Court has struck both of Plaintiff William R. Heagney's two complaints in this case as impermissible shotgun pleadings. (Doc. 1-1; Doc. 5; Doc. 10; Doc. 11.) Heagney now moves for "an emergency order to cease and d[e]sist any and all sentencing. . . pertaining to his criminal felony case" in Florida court. (Doc. 14 at 1.) Heagney alleges that this sentencing is scheduled for July 27, 2022. (*Id.* at 2.) But there is no operative complaint in this case, and "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007). Heagney's motion for a cease-and-desist order must therefore be denied because "injunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005); *see Hencey v. United Airlines, Inc.*, No. 21-61702-CIV, 2021 WL 3634630, at *2 (S.D. Fla. Aug. 17,

2021) (Gayles, J.) (denying a motion for preliminary injunction because the case lacked an operative complaint).

Alternatively, even if Heagney had properly filed a complaint, the Court would deny his "emergency" motion based on the misuse of that label. Parties may label their motions "emergencies" only when the party faces immediate risk absent swift adjudication and the issuance of a court order. *See Privitera v. Amber Hill Farm, L.L.C.*, No. 5:12-cv-7-OC-32TBS, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012) (Smith, M.J.) (noting that there was no emergency because "[n]o one's health or safety is at stake, nobody is at risk of being deprived of an essential service, and nothing that is irreplaceable or for which compensation would not be available is in jeopardy"). Here, the sentencing Heagney seeks to prevent is not until July 27, 2022. A danger of an event happening in twenty-four days is too remote to constitute an "emergency." *Cf.* LOCAL RULES, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA 7.1(d)(1) (explaining that a motion is generally not an "emergency" unless it would "become moot if not ruled on within seven (7) days").

Accordingly, Heagney's motion for an emergency order is **DENIED**. (Doc. 14.)

**ORDERED** in Tampa, Florida, on July 3, 2022.

Kathryn Kimball Mizelle
United States District Judge

2