UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. HEAGNEY,
    Plaintiff,

v.                                          Case No. 8:22-cv-1268-KKM-MRM

KATE METZ,
    Defendant.
_____

**ORDER**

Defendant Assistant State Attorney Kate Metz moves to dismiss the Third and Fourth Amended Complaints filed under 42 U.S.C. § 1983 by Plaintiff William R. Heagney, a state prisoner. (Docs. 22–24.) Heagney opposes the motion. (Doc. 28.) Upon consideration, the motion must be granted, and this action must be dismissed with prejudice.

**I.    Background**

Heagney sues Assistant State Attorney Metz for malicious prosecution. Publicly available records from the Florida Department of Law Enforcement and the Sarasota County Clerk of Court show that Heagney was convicted of 90 counts of transmitting harmful materials to a minor and related offenses. He received a life sentence.

Heagney's initial Complaint and Amended Complaint were stricken as shotgun pleadings. (Docs. 1, 5, 10, and 11.) His Second Amended Complaint was stricken because it was not on the standard form. (Docs. 21 and 22.) Heagney filed a Third Amended Complaint, and without leave to amend, a Fourth Amended

1

Complaint. (Docs. 22 and 23.) The Third and Fourth Amended Complaints are nearly identical. Because an amended complaint supersedes an original complaint, *see Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999), the Fourth Amended Complaint is the operative pleading.

Heagney alleges that Metz, in her official capacity as Assistant State Attorney, violated his due process rights "by maliciously prosecuting his two criminal felony cases with absolutely no initial objective evidence, probable cause, or proper judicial authorization." (Doc. 23 at 4.) However, neither his Fourth Amended Complaint nor his response to the motion to dismiss describes any action taken by Metz.

Instead, Heagney describes the sting operation conducted by law enforcement that resulted in his arrest (*Id*. at 4):

> Plaintiff signed into an adult dating application called Skout.com on 9/11/2019 and responded to a profile by the name of Brandi's world,18. The age posted on the profile was 18 years old. I chatted with this profile from 9/11/19 till 9/17/2019, until we switched to another mobile app called KIK on 9/18/2019. On 9/18/2019 we video chatted at 5:05 PM till roughly 5:30 PM, and continued on with instant messaging through KIK until Plaintiff arrived at 4429 Parnel Dr. in Sarasota on 9/21/2019, to meet the woman who was portrayed in the Skout.com profile. Plaintiff was arrested on 9/21/2019 upon his arrival by the Sarasota County Sheriffs Office, due to his interaction with the woman Brandi who was portrayed in the Skout.com and KIK profiles.

Heagney contends that his arrest and prosecution are unconstitutional because law enforcement employed unlawful entrapment techniques to obtain his

2

arrest and failed to obtain a warrant in violation of federal laws. He seeks to recover $3,000,000.00 in damages.

### III. Analysis

Heagney cannot state a claim for damages against Metz in her official capacity as an Assistant State Attorney. Prosecutors are immune from suit under § 1983 for actions taken while performing their prosecutorial duties. *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Moreover, Heagney's allegations concern only the circumstances of his arrest. He alleges no facts about actions Metz took while performing her prosecutorial duties nor actions she took outside of performing her prosecutorial duties that would not be protected by immunity. Metz is immune from liability in this action for prosecutorial misconduct.

Additionally, "a § 1983 suit for damages must be dismissed if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Butler v. Georgia*, No. 22-10291, 2022 WL 17484910, at * 3 (11th Cir. Dec. 7, 2022) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Heagney challenges the manner of his arrest and prosecution, his claim necessarily implies the invalidity of his conviction and sentence. Consequently, his § 1983 action is barred as alleged.

### IV. Conclusion

Heagney does not request leave to amend. And this Court would not grant another opportunity even if he requested one, given that he already has had four opportunities to amend to state a claim. (Docs. 5, 11, and 21.) His allegations

remain insufficient. Therefore, Metz's Motion to Dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

The Clerk is directed to enter judgment in favor of Defendant, to terminate any pending motions and deadlines, and to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on March 3, 2023.

_____
Kathryn Kimball Mizelle
United States District Judge